Frank Z. Elmer
Special Assistant U.S. Attorney
Kimberly P. Mayfield
Special Assistant U.S. Attorney
U.S. Department of Housing
 and Urban Development
801 Cherry Street, Unit #45
Suite 2500
Fort Worth, Texas 76102
817-978-5987
817-978-5563 (fax)
frank.z.elmer@hud.gov
kimberly.p.mayfield@hud.gov

ATTORNEYS FOR U.S. DEPT OF HOUSING AND URBAN DEVELOPMENT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| American Housing Foundation, | ) | Case No. 09-20232-RLJ |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| Shaun Donovan, Secretary, U.S. Department | ) | |
|  of Housing and Urban Development | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. |
| | ) | |
| Happy State Bank, American Housing | ) | |
| Foundation, and Multi-Family Rehab | ) | |
| Partners, | ) | |
| | ) | |
| Defendants. | ) | |

## ORIGINAL COMPLAINT OF SHAUN DONOVAN, SECRETARY UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

TO THE HONORBLE BANKRUPTCY JUDGE:

Shaun Donovan, Secretary, United States Department of Housing and Urban

Development ("HUD"), by and through undersigned counsel, a party in interest in this bankruptcy, files this Original Complaint of Shaun Donovan, Secretary, United States Department of Housing and Urban Development ("Complaint") against Happy State Bank ("HSB") and American Housing Foundation ("AHF" or the "Debtor"), and Multi-Family Rehab Partners ("MFRP").

## SUMMARY OF ACTION AND RELIEF SOUGHT

1. This dispute concerns 11 of 30 Certificates of Deposit ("CDs"). Each of the 11 CDs is styled on its face with a name identical or similar to the ownership entity of eight HUD insured multifamily projects ("HUD Insured Project(s)").[1] The 11 CDs (collectively referred to as "HUD Insured Project CDs") were pledged as a part of the security for a $2,000,000.00 promissory note ("Promissory Note") payable to HSB by MFRP. *See*, Gov. Ex. A.

2. On October 12, 2009, HSB filed its Motion for Relief from the Automatic Stay by Happy State Bank (Doc. No. 324) to allow HSB to enforce its rights under the Promissory Note pursuant to an assignment and pledge of 30 CDs, including the HUD Insured Project CDs, by applying the principal and interest of the 30 CDs against MFRP underlying indebtedness. The Southgate Limited Partners, the Waco Parkside Village Limited Partners, and the MMA Limited Partners, and HUD filed objections. (Doc. Nos. 387, 388, 389, and 391).

3. Upon hearing, this Court denied without prejudice HSB's motion for relief of the automatic stay with respect to 12 of the 30 CDs, and by an Agreed Order on Motion for Relief from the Automatic Stay by HSB (Doc. No. 469) allowed the parties to seek relief in an

---

[1] The HUD-insured projects are Southgate Village Apartments, Santa Maria Apartments, Fairway Village Apartments, Robinson Garden Apartments, Parkside Village Apartments, Hurst Manor Apartments, Highland Oaks Apartments, and Bel Aire Apartments.

adversary proceeding within 30 days of the agreed order with respect to the 12 CDs, included in which are the HUD Insured Project CDs.

4. The 12 CDs, including the HUD Insured Project CDs in which HUD claims a statutory and regulatory interest, are shown on the Debtor's Schedule B filed in this bankruptcy.

5. HUD is compelled to file this Complaint to assert and protect its statutory and regulatory rights under the National Housing Act, 42 U.S.C. § 1701, *et seq.*, and, pursuant to the respective Regulatory Agreements governing a HUD Insured Project, to seek return to the HUD Insured Projects of all project funds that comprise the HUD Insured Project CDs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 157 (b) and this Court may enter judgment on the matter pursuant to Bankruptcy Rule 7001. This Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This proceeding is a core proceeding.

## PARTIES

7. HUD is a department of the United States of America.

8. HSB is a Texas Financial Institution and may be served with this Complaint through its attorney of record.

9 AHF, the General Partner of MFRP, is a Texas nonprofit corporation and may be served with this Complaint through its attorney of record and by First Class Mail to 1800 S. Washington, Suite 311, Amarillo, Texas 79102 in accordance with Fed. R. Civ. P. 5. Bankruptcy Rule 7005.

10. MFRP is a Texas general partnership and may be served with this Complaint by First Class Mail to 1800 S. Washington, Suite 311, Amarillo, Texas 79102 in accordance with Fed. R. Civ. P. 5. Bankruptcy Rule 7005.

# FACUAL BACKGROUND

11. MFRP borrowed $2,000,000.00 from HSB, as evidenced by the Promissory Note, dated April 1, 2008.

12. AHF guaranteed repayment of the Promissory Note pursuant to a commercial guaranty dated April 1, 2008.

13. On April 1, 2009, the Promissory Note, including principal amount and accrued interest, matured and went into default.

14. MFRP offered as part security to the Promissory Note a pledge of 13 original CDs, dated on or before April 1, 2008, nine of which were styled in the name identical or similar to a HUD insured multifamily project. The TIN 75-2315295 on eight of the original nine CDs of a HUD insured multifamily project is that of AHF. The TIN 75-2910979 on one CD, styled in the name College Station Southgate Village, Ltd., is that of College Station Southgate Village, Ltd. HSB asserts that the AHF Development funded the 13 original CDs.

15. All original 13 CDs, shown on their face as "surrendered," are claimed by HSB to have been "restructured," "replaced," and "reissued" as 31 CDS, of which AHF pledged 30 of them, all dated December 31, 2008, as security for the Promissory Note.

16. Of the 30 CDs, ten of the HUD Insured Project CDs show AHF's TIN 75-2315295, and one HUD Insured Project CD, styled in the name AHF Hurst Manor Community Development LLC, shows the TIN 75-2783204 of AHF Hurst Manor Community Development LLC.

17. The HUD Insured Project CDs bare CD Numbers 12496, 12498, 12499, 12500, 12501, 12502, 12503, 12504, 12506, 12534, and 12535, and are the subject of this Complaint. See, Gov. Ex B.

18. On December 30, 2008, AHF passed a resolution giving Steve W. Sterquell, on behalf of AHF, full signatory authority to pledge CDs and act as the agent for the various entities, including the HUD Insured Projects of College Station Texas Southgate Village, Ltd., Austin Santa Maria Village, Ltd., Austin Fairway Village, Ltd., Waco Robinson Garden, Ltd., Waco Parkside Village , Ltd., AHF Hurst Manor Community Development, LLC., AHF Highland Oaks Community Development, LLC., and Amarillo Bel Air Apartments. Ltd. *See* Gov. Ex. C.

19. Steve W. Sterquell, on behalf of AHF, Grantor, and on behalf of MFRP, Borrower, executed an Assignment of Deposit Account, dated December 31, 2008, as a security interest in collateral to secure the indebtedness to HSB, with respect to the following deposit accounts: CD Account Nos. 12496, 12498, 12499, 12500, 12501, 12504, 12506, 12534, and 12535. *See*, Gov. Ex. D.

20. Steve W. Sterquell, on behalf of AHF Hurst Manor Community Development, LLC, Grantor, and on behalf of MFRP, Borrower, executed an Assignment of Deposit Account, dated December 31, 2008, as a security interest in collateral to secure the indebtedness to HSB, with respect to CD Account No. 12502. *See*, Gov. Ex. E.

21. Steve W. Sterquell, on behalf of AHF Highland Oaks Community Development, LLC, Grantor, and on behalf of MFRP, Borrower, executed an Assignment of Deposit Account, dated December 31, 2008, as a security interest in collateral to secure the indebtedness to HSB, with respect to CD Account No. 12503. *See*, Gov. Ex. F.

22. In addition to being styled in the project partnership name, the Southgate Village CD 12496 ($24,544.00), the Santa Maria Village CD 12498 ($33,748.00), the Fairway Village CD 12499 ($18,156.00), the Robinson Gardens CD 12500 ($31,219.00), the Hurst Manor CD 12502 ($9,121.00), and the Highland Oaks CD 12503 ($23,816.00) match the amounts reported in the Tenant Security Deposit account on the December 2008 Annual Financial Statements for each project. *See*, Gov. Ex. G. The Southgate Village CD, the Santa Maria Village CD, the Fairway Village CD, the Robinson Gardens CD, and the Highland Oaks CD reflect AHF's TIN 75-2315295. The Hurst Manor CD reflects the TIN 75-2783204 of AHF Hurst Manor Community Development, LLC.

23. In addition to being styled in the project partnership name, the Parkside Village CD 12501 ($26.374.00) and the Bel Air CD 12504 ($5,313.00) (*see,* Gov. Ex B), less than the amounts reported in the Tenant Security Deposit account on the December 2008 Annual Financial Statements for each project (*see,* Gov. Ex. G), match the November 2008 Tenant Security Deposit account balance for the projects. *See*, Gov. Ex. H. The Parkside Village CD and the Bel Air CD reflect AHF's TIN 75-2315295.

24. In addition to being styled in the project partnership name, the Southgate Village CD 12506 ($346,949.00) (*see*, Gov. Ex. B ), matches the amounts reported in the Other Reserves account on the December 2008 Annual Financial Statements. The Southgate Village CD reflects AHF's TIN 75-2315295.

25. In addition to being styled in the project partnership name, the Santa Maria Village CD 12534 ($300,000.00), and the Fairway Village CD 12535 ($115,000.00) (*see*, Gov. Ex. B ) are less than, but appear to constitute the amounts reported in Cash-Operations on the December 2008 Annual Financial Statements for each project ($320,697.00 Santa Maria Village)

and ($136,724.00 Fairway Village). *See,* Gov. Ex G. The Santa Maria Village CD and the Fairway Village CD reflect AHF's TIN 75-2315295.

26. HUD regulations provide that as long as HUD is the insurer under the National Housing Act, 12 U.S.C. §1701, *et seq.*, HUD "shall regulate the mortgage by means of a regulatory agreement providing terms, conditions and standards established by [HUD]." 24 C.F.R. § 200.105(a). The restrictions imposed by the Regulatory Agreements are "[i]n consideration for the endorsement for insurance" … and "comply with the requirements of … the National Housing Act…." *See,* Gov. Ex I. The restrictions on the use of project income are part of the financing for the acquisition of the apartments and are not executory contracts and cannot be assumed or rejected under the Bankruptcy Code. The Regulatory Agreement of each of the eight HUD Insured Projects is filed in the county deed records where the HUD Insured Project is located.

27. Pursuant to paragraph 6(b)[2] of the Regulatory Agreements, the owners of the projects, without prior written approval from HUD, are prohibited from assigning, transferring, disposing of, or encumbering "any personal property of the project, including rents, or [paying] out any funds except from surplus cash, except for reasonable operating expenses and necessary repairs."[3] *See,* Gov. Ex. I. Pursuant to paragraph 6(e)(3) of the Regulatory Agreements, the owners of the Projects also are prohibited, without prior approval of HUD, from making, or receiving and retaining, "any distribution of income of any kind of the project except from surplus cash and except …[that] [a]ny distribution of any funds of the project, which the party reserving such funds, is not entitled to retain hereunder, shall be held in trust separate and apart

---

[2] It is paragraph 7(b) in the Regulatory Agreement for Highland Oaks Apartments.
[3] The Regulatory Agreement for Highland Oaks Apartments does not contain the language "except for surplus cash" in paragraph 7 (b), because as a subsidized project, it is required to deposit residual receipts, as defined in the Regulatory Agreement, into a residual receipts fund controlled by HUD.

from any other funds...."[4] *See,* Gov. Ex. I. Distribution is defined in paragraph 13(g) in the Regulatory Agreements as being "any withdrawal or taking of cash or any assets of the project, including the segregation of cash or assets for subsequent withdrawal within the limitations of Paragraph 6(e) hereof, and excluding payment of reasonable expenses incident to the operation and maintenance of the project."[5] *See,* Gov. Gov. Ex. I. Pursuant to paragraph 6(g)[6] of the Regulatory Agreements, "[a]ny funds collected as security deposit shall be kept separate and apart from all other funds of the project in a trust account the amount of which shall at all times equal or exceed the aggregate of all outstanding obligations under said account." *See* Gov. Ex I. Pursuant to paragraph 9(g)[7] of the Regulatory Agreements, any Owner receiving property of the project in violation of this Agreement holds such funds in trust. *See* Gov. Ex. I.

28. HSB neither has provided evidence that HUD approved the pledge of the HUD Insured Project CDs nor has it shown that the Promissory Note and line of credit were for the funding of operating expenses and necessary repairs of the HUD Insured Projects. Similarly, HSB has made no representations and presented no evidence that the HUD Insured Project CDs were pledged from surplus cash or residual receipts with HUD's approval.

## CAUSES OF ACTION

### Count One

29. Paragraphs 1 through 28 are hereby incorporated by reference as if fully set forth herein.

30. The Debtor, MFRP, AHF Hurst Manor Community Development, LLC, and AHF Highland Oaks Community Development, LLC's assignment and pledge to HSB of any

---

[4] Although the Regulatory Agreement for Highland Oaks Apartments does not contain this language, any residual receipts, as defined in its Regulatory Agreement, can only be disbursed upon the direction of HUD. *See,* Gov. Ex. I, Highland Oaks Regulatory Agreement, ¶ 2(c).
[5] *See* Footnote 4 *supra.*
[6] It is paragraph 7(f) in the Regulatory Agreement for Highland Oaks Apartments.
[7] It is paragraph 10(g) in the Regulatory Agreement for Highland Oaks Apartments.

principal and accrued interest of the HUD Insured Project CDs against the associated, underlying debt to HSB contravenes the HUD Regulatory Agreements.

31. The Debtor is unjustly enriched by its inclusion of the HUD Insured Project CDs on Schedule B of Debtor's bankruptcy schedules and holds the principal and accrued interest of HUD Insured Project CDs in trust.

## Count Two

32. Paragraphs 1 through 28 are hereby incorporated by reference as if fully set forth herein.

33. HSB lacks a security interest in the HUD Insured Project CDs and is equitably estopped from asserting a claim to the HUD Insured Project CDs because it had actual or constructive notice that the Debtor, MFRP, AHF Hurst Manor Community Development, LLC, and AHF Highland Oaks Community Development, LLC' s assignment and pledge to HSB of any principal and accrued interest of the HUD Insured Project CDs was subject to HUD's prior written approval, which it did not give.

## RELIEF REQUESTED

34. Paragraphs 1 through 33 are hereby incorporated by reference as if fully set forth herein.

35. Pursuant to 28 U.S.C. § 2201 *et seq.*, and Fed. R. Bankr. P. 7001, HUD seeks declaratory judgment that:

   a. The HUD Insured Project CDs and the funds that constitute them are property of each respective HUD Insured Project.

   b. The HUD Insured Project CDs are held in trust by the Debtor and are not property of the bankruptcy estate.

   c. The Debtor improperly included the HUD Insured Project CDs on

Schedule B of its bankruptcy schedules.

  d. HUD's statutory and regulatory interest, arising under the HUD Regulatory Agreements, supersedes, nullifies, and estops HSB's security or equity claim in the HUD Insured Project CDs because the HUD Insured Project CDs and the funds that constitute them belong to the respective HUD Insured Projects to carry out their operation under HUD's statutory and regulatory mandate.

  e. Entry of the requested declaratory judgment will not adjudicate or determine any rights of HUD under 12 U.S.C. § 1715z-4a to prosecute any violation of the Regulatory Agreements by any person or entity which owns a HUD Insured Project, including any stockholder holding 25 percent or more interest of a corporation that owns a HUD Insured Project; any beneficial owner under any business or trust; any officer, director, or partner of an entity owning the project; any other person or entity that controls the property regardless of that person or entity's official relationship to the property; and any heir, assignee, successor in interest, or agent of the owner.

36. Entry of the requested declaratory judgment will clarify and settle legal relations and issues surrounding the controversy giving rise to this proceeding.

37. HUD seeks an order that the HUD Insured Project CDs and the funds that constitute them be abandoned and returned to the respective HUD Insured Projects.

38. HUD seeks an order that HSB lacks a valid security interest in the HUD Insured Projects CDs and is prevented from seeking further relief from this Court in reference to the HUD Insure Project CDs, including a lifting of the automatic stay.

# PRAYER

39.    HUD prays that it be awarded declaratory relief as requested herein, order the return of all HUD Insured Project CD funds to the respective HUD Insured Projects, prevent HSB from seeking further relief from this Court in reference to the HUD Insured Project CDs, including a lifting of the automatic stay, and for other just and proper relief to which HUD may be entitled.

Dated: December 17, 2009.

                                          Respectfully submitted,

                                          James T. Jacks
                                          United States Attorney

                                          ___/s/Frank Elmer_____
                                          By: Frank Z. Elmer
                                          State Bar No. 06589000
                                          Special Assistant U.S. Attorney
                                          U.S. Department of Housing
                                            and Urban Development
                                          801 Cherry Street
                                          Fort Worth, TX 76102
                                          Tel.: (817) 978-5987
                                          Fax: (817) 978-5563

                                          Attorneys for the United States Department
                                          of Housing and Urban

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing Original Complaint of Shaun Donovan, Secretary, United States Department of Housing and Urban Development has been served either by electronic mail or U.S. First class mail, postage prepaid, on this 17th day of December 2009, upon the following parties:

John Ben Blanchard
Conrad D. Hester
Brown & Fortunato, P.C.
905 S. Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, Texas 79105-9418

David B. Norris
Registered Agent
Happy State Bank
3423 Soncy Rd., Ste. 300
Amarillo, TX 79119

Robert Yaquinto, Jr.
Sherman & Yaquinto, L.L.P.
509 N. Montcalir Avenue
Dallas, TX 75208-5498

Multi-Family Rehab Partners
1800 S. Washington, Ste., 311
Amarillo, TX 79102

John Thomas Boyd, Jr.
Lynch, Hanna & Boyd, PLLC
Amarillo, TX 79101

Alvin D. Johnson
Registered Agent
American Housing Foundation
1800 S. Washington, Ste., 311
Amarillo, TX 79102

Steve W. Sterquell
Registered Agent
AHF Development, LTD
1800 S. Washington, Ste., 311
Amarillo, TX 79102

/s/ Frank Z. Elmer
Frank Z. Elmer